# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0439-17T5

IN THE MATTER OF THE
CIVIL COMMITMENT OF T.F.,
SVP-380-04.

_____

Submitted February 12, 2019 – Decided February 25, 2019

Before Judges Fisher and Suter.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. SVP-380-04.

Joseph E. Krakora, Public Defender, attorney for appellant T.F. (Nancy C. Hayes, Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Victoria R. Ply, Deputy Attorney General, on the brief).

PER CURIAM

T.F., who was originally civilly committed in 2004, appeals an August 10, 2017 order that continued his commitment to the Special Treatment Unit (STU)

pursuant to the Sexually Violent Predator Act (SVPA), N.J.S.A. 30:4-27.24 to -27.35. In deferring to the trial judge's fact findings, we affirm.

A criminal defendant, who has been convicted of a predicate offense to the SVPA, may be subject to an involuntary civil commitment when found to be suffering from "a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for control, care and treatment." N.J.S.A. 30:4-27.26. Annual review hearings are required to determine whether that person remains in need of commitment despite treatment. N.J.S.A. 30:4-27.35; N.J.S.A. 30:4-27.32(a).

To warrant commitment, or the continuation of commitment, the State must prove that "the individual has serious difficulty in controlling sexually harmful behavior such that it is highly likely that he or she will not control his or her sexually violent behavior and will reoffend." In re Commitment of W.Z., 173 N.J. 109, 132 (2002). See also In re Commitment of G.G.N., 372 N.J. Super. 42, 46-47 (App. Div. 2004). In that setting, the trial court must address the individual's "present serious difficulty with control over dangerous sexual behavior," and the State must establish "by clear and convincing evidence . . . that it is highly likely that the person . . . will reoffend." W.Z., 173 N.J. at 132-

34.  See also In re Civil Commitment of J.H.M., 367 N.J. Super. 599, 611 (App. Div. 2003).  The State met its burden here.

The record reveals that T.F. is now sixty-six years old.  Between 1984 and 1991, he committed sex crimes against minors in North Carolina, Virginia and New Jersey.  He was civilly committed to the STU in 2004, where he has since resided.  His commitment has been reviewed on numerous occasions in the past, and we have affirmed all those prior orders challenged on appeal.  See, e.g., In re Civil Commitment of T.M.F., No. A-2247-10 (App. Div. Apr. 29, 2011); In re Civil Commitment of T.M.F., No. A-2479-05 (App. Div. Feb. 23, 2007).

At the August 10, 2017, review hearing that generated the order challenged here, the trial judge heard the testimony of the State's expert, Dr. Michael Kunz, and the testimony of T.F.; the parties stipulated to the judge's consideration of the expert report of a psychologist for the State, Dr. Eugene Dunaev, without the need for his testimony.  This evidence revealed that T.F. had not participated in any group session since being committed to the STU, nor did he consent to an interview by Dr. Kunz for purposes of the August 2017 hearing.  T.F. testified that his religious beliefs precluded or excused his participation.

A-0439-17T5

Based upon the factual record presented, the judge found that the State clearly and convincingly established those elements necessary to continue T.F.'s commitment. His findings were "substantially influenced by [the] opportunity to hear and see the witnesses and to have the 'feel' of the case, which a reviewing court cannot enjoy." State v. Locurto, 157 N.J. 463, 471 (1999) (quoting State v. Johnson, 42 N.J. 146, 161 (1964)). Consequently, our standard of review is narrow; we will defer to a trial judge's findings when supported by evidence in the record, "give utmost deference to the commitment finding[,] and reverse only for a clear abuse of discretion." In re Civil Commitment of A.E.F., 377 N.J. Super. 473, 493 (App. Div. 2005); see also In re Civil Commitment of V.A., 357 N.J. Super. 55, 63 (App. Div. 2003); In re Civil Commitment of J.P., 339 N.J. Super. 443, 459 (App. Div. 2001). After carefully reviewing the record on appeal, we find no abuse of discretion and no reason to question the judge's fact findings. Instead, we conclude that all the judge's findings are supported by testimony he was entitled to credit, that these findings are entitled to our deference, and that the judge did not abuse his discretion in continuing the commitment of T.F. pursuant to the SVPA.

We reject T.F.'s argument that the State failed to sustain its burden and we affirm substantially for the reasons set forth by Judge Richard F. Wells in his thorough and well-reasoned oral decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

5                                                A-0439-17T5